**MONTANA WILDERNESS ASSOCIA-TION, HAMILTON, MONTANA, and the Wilderness Society, Washington, D. C., Plaintiffs,**

v.

**Donald HODEL, Administrator, Bonneville Power Administration, et al., Defendants.**

**No. CV–75–5–GF.**

United States District Court, D. Montana, Great Falls Division.

Aug. 29, 1974.

Donald R. Marble, Chester, Mont., Thomas J. Lynaugh, Billings, Mont., Frank J. Barry, Eugene, Or., for plaintiffs.

Otis L. Packwood, U. S. Atty., Billings, Mont., for defendants.

OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

The above-entitled action is dismissed without prejudice.

880

The defendants each had some responsibility for a plan to cloud-seed the drainage of the Flathead River in 1974. The plaintiffs on January 30, 1974, filed a complaint, the prayer of which asks for declaratory and "other relief . . . as the Court may consider just and proper." On February 4, 1974, the Bonneville Administration cancelled a contract which had been granted to North American Weather Consultants. In April 1974 the weather seeding permit which had been granted by the Board of Natural Resources and Conservation of the State of Montana expired. There is not now in existence any plan for cloud seeding in the Flathead drainage.

■ The ultimate decision as to whether clouds may or may not be seeded does not lie with the courts although the courts may require that the law be followed and that administrative action be not arbitrary or capricious. Essentially the court sits only in review. If the court in this case established procedural guidelines for future actions a declaratory judgment might be helpful although such a declaration might amount to nothing more than a direction to obey the law —and the law itself commands that. But such a declaration would not dispose of future actions because no matter what is said here the procedure taken when cloud seeding next threatens is the procedure which must be examined. The court cannot in this action determine whether the administrative action to be taken at a future time is arbitrary or capricious since the factual basis on which that action will be taken has not yet developed.

■■ The case is moot so far as injunctive relief is concerned. 28 U.S.C. § 2201 vests in the court a discretionary power to declare rights. Federation of Labor v. McAdory, 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945). It is my opinion that declaratory relief is not appropriate here and as a matter of discretion the application is denied.